*CIVLR 5.4*

Pro Se 2 (Rev. 09/16) Complaint and Request for Injunction

✓ FILED ___ LODGED
RECEIVED ___ COPY

NOV 2 2 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ HA _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| David Martin Graff | ) Case No. |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| Maricopa County Behavioral Health Court, Paradise | ) |
| Valley Hospital Abrazo Scottsdale Campus, Mercy | ) |
| Maricopa Integrated Care/Desert Vista Behavioral | ) |
| Health Hospital, UPC | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued.  If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

Case No. **CV-16-4063-PHX-MHB**

*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I.    **The Parties to This Complaint**

   A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | David Martin Graff |
| Street Address | 4726 East Angela Drive |
| City and County | Phoenix |
| State and Zip Code | Arizona 85032 |
| Telephone Number | 424-281-0571 |
| E-mail Address | davidmartingraff@gmail.com |

   B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 2 (Rev. 09/16) Complaint and Request for Injunction

Defendant No. 1

    Name                  Maricopa County Behavioral Health Court

    Job or Title *(if known)*

    Street Address        570 West Brown Road

    City and County       Phoenix Maricopa County

    State and Zip Code    Arizona 85201

    Telephone Number    480-344-2100

    E-mail Address *(if known)*

Defendant No. 2

    Name                  Paradise Valley Hospital Abrazo Scottsdale Campus

    Job or Title *(if known)*

    Street Address        929 East Bell Road

    City and County       Phoenix Maricopa County

    State and Zip Code    Arizona 85032

    Telephone Number    602-923-5000

    E-mail Address *(if known)*

Defendant No. 3

    Name                  Mercy Maricopa Integrated Care/Desert Vista Hospital

    Job or Title *(if known)*

    Street Address        4350 East Cotton Center Blvd Building D

    City and County       Phoenix Maricopa County

    State and Zip Code    Arizona 85040

    Telephone Number    602-586-1841

    E-mail Address *(if known)*

Defendant No. 4

    Name                  UPC (Urgent Psychiatric Center)

    Job or Title *(if known)*

    Street Address        1201 South 7th Ave #150

    City and County       Phoenix Maricopa County

    State and Zip Code    Arizona 85007

    Telephone Number    (602) 416-7600

    E-mail Address *(if known)*

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Failure to acknowledge or accommodate under C.F.R 35 for Legally Disabled Americans for the stated protections afforded under the ADA Act of 1990

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

The plaintiff, *(name)* David Martin Graff                    , is a citizen of the State of *(name)* Arizona                    .

   b.   If the plaintiff is a corporation

The plaintiff, *(name)*                    , is incorporated under the laws of the State of *(name)*                    ,

and has its principal place of business in the State of *(name)*                    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

The defendant, *(name)*                    , is a citizen of the State of *(name)*                    . Or is a citizen of *(foreign nation)*                    .

b.     If the defendant is a corporation

The defendant, *(name)* Paradise Valley Hospital Scottsdale , is incorporated under the laws of the State of *(name)* Arizona , and has its principal place of business in the State of *(name)* Arizona .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* Phoenix, Arizona .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

Damages include personal property for indemnity and compensatory monies that are in arrears

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

The original claim arose on the evening of Saturday, in the month of September, in the year 2016 in the Emergency Room at Paradise Valley Hospital Abrazo Scottsdale Campus at 929 East Bell Road, Phoenix, AZ 85032, and subsequent interrelated claims from the events arising from said original claim occurred at UPC at 1201 South 7th Ave #150, Phoenix, AZ 85007, followed then by Mercy Maricopa Integrated Care/Desert Vista Hospital at 570 West Brown Road, Phoenix, AZ 85201, followed by Maricopa County Behavioral Health Court (same location as Desert Vista Hospital).

B.     What date and approximate time did the events giving rise to your claim(s) occur?

On or about the Evening of Saturday, on the 24th Day of September, in the Year 2016.

C.      What are the facts underlying your claim(s)?  *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
I was not accommodated regarding my request for private accommodations nor provided any walking device assistance related to my medical related condition that characterizes me being Legally Disabled. My requests were denied about having my stay in the private hospital room and instead was required to stay in the shared hospital room with behavioral health patients admitted for risks of hurting themselves and others, which is a safety concern to my person having a known, prior, existing open head injury where any form of trauma to that unprotected area could be fatal.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.
It is extremely difficult to quantify an accurate valuation for my property and personal damages I sustained.

*Receipts upon request.*

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.
It is hereby cordially requested to the Court that Plaintiff request for immediate relief by Injunction pertaining to action from proceedings arising from the events on or about September 24, 2016 be approved in its entirety.

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          11/08/2016

Signature of Plaintiff

Printed Name of Plaintiff     David Martin Graff

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print     Save As...     Add Attachment     Reset

*Appen D/P*

*Law Offices*
**Harold S. Braun, P.C.**

—

MURRAY HILL 6-9090

*276 Fifth Avenue*
*New York, N.Y. 10001*

December 24, 1984

Mrs. Jenaie Graff
293 Hungry Harbor Road
North Woodmere, New York 11581

Re: David Graff v. Shweky

Dear Jeanie:

Enclosed are two copies of the release prepared by Allstate
Insurance Company in respect of the above settlement.

Kindly sign each where indicated by your initials and have a
witness sign to the left of your signature on both. Return
promptly in the enclosed envelope.(Also insert the date of
your signing on the line above your signature).

Very truly yours.

Harold S. Braun, P.C.

HSB/enc.
ab

~ FACT AS EVIDENCE
SHOWING LEGAL
conflict of interest"

TO: OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK

Post Office Box 2016, New York, N. Y. 10008

1. Code number appearing on Attorney's receipt for filing of retainer statement (if statement filed with Clerk of Appellate Division prior to July 1, 1960, give date of such filing).

    9669806
    Code Number

2. Name and present address of client    JEANIE GRAFF (as mother and natural guardian of DAVID GRAFF) 293 Hungry Harbor Road, North Woodmere, New York 11581

3. Plaintiff(s)    4. Defendant(s)
   DAVID GRAFF, an infant by JEANIE    JEFFREY SHWEKY, an infant, by
   GRAFF, his mother & natural Guardian    AARON SHWEKY, his father, etc.
   etc.

5. If action commenced, state date ...N/A... 19...... ....................................Court
   .............................County. Was note of issue or notice of trial filed? ...No... If "Yes", was action
   disposed of in open court? ............... If not disposed of in open court, state date stipulation of discontinuance was
   filed with CALENDAR CLERK of the court in which the action was pending........................................, 19.........

6. Check items applicable: Settled [x]; Claim abandoned by client [ ]; Judgment [ ]. Date of payment by carrier
   or defendant ...January 4,........, 19..85. Date of payment to client ...January 4,........, 19..85.

7. Gross amount of recovery (if judgment entered, include any interest, costs and disbursements allowed) $ .50,000.—
                                                                                    structured settle-
8. Name and address of insurance carrier or person paying judgment or claim and carrier's file number, if any........ment.
   Allstate Insurance Company, 10 Talcott Notch Road, Farmington,
   New York 06032. File # 203-678-1980.

9. Net amounts: to client $..41,790.—..; compensation to undersigned $ .4,905.80..; names, addresses
   and amounts paid to attorneys participating in the contingent compensation.........................................

10. Compensation fixed by: retainer agreement [ ]; under schedule [ ]; or by court [x].

11. If compensation fixed by court: Name of Judge ...Beatrice H. Burstein........................,
    Court ..Supreme Court-Nassau.. Index No. 21239/84 Date of order ..December 3, 1984..

12. Itemized statement of payments made for hospital, medical care or treatment, liens, assignments, claims and expenses
    on behalf of the client which have been charged against the client's share of the recovery, together with the name,
    address, amount and reason for each payment ..DR. Joseph M. Peipmeier-$2,200.—;
    Dr. G. Tanner-$360.—; Hunter Meriden Ambulance Service $150.—

13. Itemized statement of the amounts of expenses and disbursements paid or agreed to be paid to others for expert
    testimony, investigative or other services properly chargeable to the recovery of damages together with the name,
    address and reason for each payment Dr. Mark A. Melamed-med. report-$350.—;
    Dr. Nancy Epstein-medical report-$350.—; Yale-New Haven Hospital-
    hospital records $34.20; Meriden-Wallingford Hospital-record $5.—
    Court fees $105.— Total $594.20

14. Date on which a copy of this closing statement has been forwarded to the client ...January 4,..., 19..85

Dated: ..New York..............., N. Y., ..4th.. day of ..January.............., 19..85.

Yours, etc.                                    Yours, etc.

_____              _____
Signature of Attorney                          Signature of Attorney

                                              HAROLD S. BRAUN, P.C.
_____              276 Fifth Avenue, New York
Attorney                         Print              Attorney            10001
                                  or
                                 Type
_____              _____
Office and P. O. Address                       Office and P. O. Address

Dist..... Dept..... ...........County          1st Dist. 1st Dept. New York County

SETTLEMENT AGREEMENT

In consideration of $11,500.00 in cash payable in a lump sum to
DAVID GRAFF and to his attorney, HAROLD BRAUN, as satisfaction of
services rendered, receipt of which is hereby acknowledged; and
in further consideration of a promise by Allstate Insurance Company
to cause to pay DAVID GRAFF through an annuity purchased from the
Allstate Life Insurance Company the amounts of:

1. $3,500.00 on January 1, 1990
2. $2,500.00 on January 1, 1995
3. $2,500.00 on January 1, 1996
4. $2,500.00 on January 1, 1997
5. $2,500.00 on January 1, 1998
6. $25,000.00 on January 1, 1999

*Precedent "1984" created in defining me legally Disabled* [handwritten annotation]

The undersigned parent(s) and guardian(s) of DAVID GRAFF, a minor,
do forever release and discharge JEFFREY SHWEKY, AHARON SHWEKY, and
MARGARET SHWEKY, and any other person, firm, or corporation charged
or chargeable with responsibility or liability, their heirs,
representatives and assigns, from any and all claims, demands,
damages, costs, expenses, loss of services, actions and causes of
action, arising from any act or occurrence up to the present time
and particularly on account of all personal injury, disability,
property damage, loss or damages of any kind already sustained or
that he may hereafter sustain in consequence of an accident that
occurred on or about the 1st day of January, 1983 at or near
Southington, Connecticut.

Allstate Insurance Company further promises that in the event of
DAVID GRAFF's death prior to January 1, 1999, any remaining payments
will be made, as scheduled herein, to the estate of DAVID GRAFF.
In no event and under no circumstances will any payments be made
prior to the dates scheduled herein.

To procure the payments of the said sums, we hereby declare: that
no representations about the nature and extent of the said injuries,
disabilities, or damages made by any physician, attorney, or agent
of any party released, nor any representations regarding the nature
and extent of legal liability or financial responsibility of any of
the parties released have induced us to make this release; that in
determining the amount of the said sum there has been taken into
consideration not only the ascertained injuries, disabilities and
damages, but also the possibility that the injuries sustained may
be permanent and progressive and recovery therefrom uncertain and
indefinite, so that consequences not now anticipated may result from
the said accident.

4.   $2,500.00 on January 1, 1997
5.   $2,500.00 on January 1, 1998
6.   $25,000.00 on January 1, 1999

The undersigned parent(s) and guardian(s) of DAVID GRAFF, a minor,
do forever release and discharge JEFFREY SHWEKY, AHARON SHWEKY, and
MARGARET SHWEKY, and any other person, firm, or corporation charged
or chargeable with responsibility or liability, their heirs,
representatives and assigns, from any and all claims, demands,
damages, costs, expenses, loss of services, actions and causes of
action, arising from any act or occurrence up to the present time
and particularly on account of all personal injury, disability,
property damage, loss or damages of any kind already sustained or
that he may hereafter sustain in consequence of an accident that
occurred on or about the 1st day of January, 1983 at or near
Southington, Connecticut.

Allstate Insurance Company further promises that in the event of
DAVID GRAFF's death prior to January 1, 1999, any remaining payments
will be made, as scheduled herein, to the estate of DAVID GRAFF.
In no event and under no circumstances will any payments be made
prior to the dates scheduled herein.

To procure the payments of the said sums, we hereby declare:  that
no representations about the nature and extent of the said injuries,
disabilities, or damages made by any physician, attorney, or agent
of any party released, nor any representations regarding the nature
and extent of legal liability or financial responsibility of any of
the parties released have induced us to make this release; that in
determining the amount of the said sum there has been taken into
consideration not only the ascertained injuries, disabilities and
damages, but also the possibility that the injuries sustained may
be permanent and progressive and recovery therefrom uncertain and
indefinite, so that consequences not now anticipated may result from
the said accident.

Precedent
Whereby
Mr Graff in 1984
drened Legally Dissobled

RECEIVED

JAN 29 1985

TALCOTT NOTCH #3

DAVID MARTIN GRAFF
DEEMED BY
SUPREME COURT
iN 1984 LEGALLY
DSABLD

and discharged of liability herein, and to any other person or organization, is expressly reserved to each of them, such liability not being waived, agreed upon, discharged, nor settled by this release.

The undersigned agree, as a further consideration and inducement for this release and indemnity agreement, that it shall apply to all unknown and unanticipated injuries and damages directly and indirectly resulting from the said accident, as well as to those now disclosed.

It shall be the obligation of DAVID GRAFF to keep Allstate Life Insurance Company advised of the address to which payments are to be mailed. Said address shall be supplied in writing at least 30 days prior to the due date of any installments. No cause of action shall accrue against Allstate Insurance Company until, as a condition precedent, 30 days after receipt of notice by Allstate Life Insurance Company at it's main office, of the failure to receive any payments due pursuant to the terms of the annuity contract.

SIGNED AND SEALED THIS _8th_ DAY OF _December_, 19 _84_

(CAUTION - READ BEFORE SIGNING)

WITNESSED BY:

x _Julia Aiello_

_&x Jeanne Graff_

SIGNED IN MY PRESENCE THIS 8th DAY OF JANUARY, 1985

_Tara Alexander_ (SEAL)

ALLSTATE INSURANCE COMPANY

by

_Frank Giannino_

TARA ALEXANDER
Notary Public, State of New York
No. 4810496
Qualified in Nassau County
Commission Expires March 30, 1986

**RECEIVED**

JAN 29 1985

TALCOTT NOTCH

*Law Offices*
**Harold S. Braun, P.C.**

MURray hill 6-9090

*Parental conflict of interest*

*276 Fifth Avenue*
*New York, N.Y. 10001*
January 4, 1985

Mrs. Jeanie Graff
293 Hungry Harbor Road
North Woodmere, New York 11581

Re: David Graff v. Shweky

Dear Jeanie:

I enclose herewith check drawn by Allstate in the sum of
$3,290.00 representing share of the initial payment due
David in respect of the structured settlement of the above
case.

I also enclose copy of Order of Compromise in this matter.
Please take the check together with the Order of compromise
to the Metropolitan Savings Bank, located at Peninsula Blvd
and Mill Road, Hewlett, New York and they will retain the
Order of Compromise and open an appropriate account.

I also include a closing statement which sets forth the details
of the settlement.

I am simultaneously sending out checks to cover the outstanding
bills of Dr. Piepmeier, Dr. Tanner and Hunter's Meriden Ambulance
Service to cover their outstanding bills.

Cordially,

Harold S. Braun, P.C.

HSB/enc.
ab

━━━━━ NOTICE OF ENTRY ━━━━━

Sir:-Please take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on                                    19

Dated,

                    Yours, etc.,
            HAROLD S. BRAUN, P.C.
Attorney for

        Office and Post Office Address
            276 Fifth Avenue
            NEW YORK, N. Y. 10001

To

Attorney(s) for

━━━━━ NOTICE OF SETTLEMENT ━━━━━

Sir:—Please take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on                                                19
at                      M.
Dated,

                    Yours, etc.,
            HAROLD S. BRAUN, P.C.
Attorney for

        Office and Post Office Address
            276 Fifth Avenue
            NEW YORK, N. Y. 10001

To

Attorney(s) for

Index No. 21239                    Year 19 84

SUPREME COURT COUNTY OF NASSAU

DAVID GRAFF, an infant, by
JEANIE GRAFF, his mother and
natural guardian, and JEANIE
GRAFF, individually,

                    Plaintiffs

            against

JEFFREY SEHWEKY, an infant, by
AARON SHWEKY, his father and
natural guardian, AARON SHWEKY
and MARGIE SHWEKY

                    Defendants

ORDER OF INFANT'S COMPROMISE

            HAROLD S. BRAUN, P.C.
Attorney for Plaintiffs
    Office and Post Office Address, Telephone
            276 Fifth Avenue
            NEW YORK, N. Y. 10001
            (212) MU 6-9090

To

Attorney(s) for

Service of a copy of the within

                                    is hereby admitted.
Dated,

Attorney(s) for

© 1800—EXCELSIOR-LEGAL STATIONERY CO., INC. 62 WHITE ST., N. Y.

At Special Term Part II of the
Supreme Court of the State of New
York, County of Nassau, held at the
Courthouse, Supreme Court Drive,
Mineola, County of Nassau, State
of New York, on the 3rd day of
December, 1984.

PRESENT:

    HON. BEATRICE S. BURSTEIN
                    Justice

---------------------------------------X

DAVID GRAFF, an infant, by JEANIE
GRAFF, his mother and natural
guardian, and JEANIE GRAFF,
individually,

                                        ORDER OF
                                    INFANT'S COMPROMISE

                    Plaintiffs,

    -against-
                                    Index No. 21239/84
JEFFREY SHWEKY, an infant, by AARON
SHWEKY, his father and natural      Calendar No.
guardian, AARON SHWEKY and MARGIE
SHWEKY,

                    Defendants.

---------------------------------------X

        JEANIE GRAFF, having moved for an Order authorizing and

empowering her to settle and compromise the infant's action herein,

        Upon the annexed Affidavits of JEANIE GRAFF, mother and

natural guardian of infant Plaintiff DAVID GRAFF, sworn to the 29th

day of November, 1984, the Affirmation of HAROLD S. BRAUN, dated

November 29th, 1984, copy of emergency record of Meriden-Wallingford

Hospital, copy of discharge summary of Yale-New Haven Hospital, copy of medical report of Dr. Nancy E. Epstein of L. I. Neurosurgical Associates, P. C., dated June 1, 1984, copy of medical report of Dr. Mark A. Melamed dated September 26, 1983, copy of later report of Dr. Mark A. Melamed dated November 20, 1984, copy of medical report of Dr. Joseph M. Peipmeier, dated November 7, 1984, and copy of letter from Allstate Insurance Company, dated November 26, 1984, offering a structured settlement of the action brought against them on behalf of infant Plaintiff, DAVID GRAFF, and infant Plaintiff, DAVID GRAFF, and his mother, JEANIE GRAFF, having personally appeared before me, and the infant Plaintiff having been examined by the Court, and JEANIE GRAFF having consented to said settlement and having waived her loss of service action, and due deliberation having been had, and it appearing that the infant Plaintiff, DAVID GRAFF, was born on November 10, 1975, and upon all the pleadings and proceedings heretofore had herein, it is

ORDERED, that JEANIE GRAFF, the mother and natural guardian of the infant DAVID GRAFF, be and she hereby is authorized and empowered to accept the structured settlement from Defendants and their insurance carrier in full settlement of the cause of action of infant Plaintiff, DAVID GRAFF, and it is further

ORDERED, that the Defendants are authorized and directed to pay unto HAROLD S. BRAUN, P. C., attorney for the infant Plaintiff, as and for attorney's fee, inclusive of disbursements advanced, the sum of $ 5,500.00/xx, and it is further

-2-

ORDERED, that Defendants and their insurance carrier shall draw a check in the sum of $2,560.00 made payable to Goldman, Horowitz & Cherno, as attorneys, in full payment of outstanding charges due Dr. Joseph M. Peipmeier, in the sum of $2,200.00 and the outstanding charges of Dr. G. Tanner, anesthesiologist, in the sum of $360.00, and it is further

ORDERED, that Defendants and their insurance carrier shall draw another check made payable to Hunter's Meriden Ambulance Service in the sum of $150.00 to cover their outstanding charge, and it is further

ORDERED, that pursuant to said structured settlement, the balance of the $11,500.00 due on settlement, after deducting the aforementioned payments of attorney's fee and doctors and medical charges, to wit, the sum of $ 3,290. 80/xc, shall be paid to and received and collected by JEANIE GRAFF, mother and natural guardian of the infant Plaintiff, DAVID GRAFF, jointly with an officer of the *Metropolitan Savings* located at *Peninsula and Mill Road, Hewlett, New York*, there to be deposited in the highest interest bearing account provided that their fiscal maturity does not fall later than the majority of said infant, subject to the further order of this Court or any other Court of competent jurisdiction; and it is further

ORDERED, that Allstate Life Insurance Company, through whom Defendant Allstate Insurance Company is funding the structured settlement, shall make the following payments on the dates indicated:

-3-

the sum of $3,500.00 on January 1, 1990; the sum of $2,500.00 on January 1, 1995; the sum of $2,500.00 on January 1, 1996; the sum of $2,500.00 on January 1, 1997; the sum of $2,500.00 on January 1, 1998; and the sum of $25,000.00 on January 1, 1999, of which the initial payment of $3,500.00 shall be paid over to JEANIE GRAFF jointly with an officer of the *Metropolitan Bank, Hewlett,* under the same terms and conditions as set forth in the immediately preceding paragraph, and all subsequent payments shall be made directly to DAVID GRAFF who will then have attained his majority, and it is further

ORDERED, that pursuant to its agreement, Allstate Insurance Company shall be guarantor that if Allstate Life Insurance Company defaults in any annuity payment due in accordance with the terms of the structured settlement, then, and in that event, Allstate Insurance Company guarantees and shall make the annuity payments in place and stead of the Allstate Life Insurance Company, and it is further

ORDERED, that the depository shall pay over all monies held in account of the infant Plaintiff, DAVID GRAFF, upon demand, when he attains the age of majority, *18 yrs of age* upon presentment of proper proof thereof to such depository; and it is further

ORDERED, that the filing of a bond be dispensed with; and it is further

ORDERED, that the mother and natural guardian of the infant Plaintiff, DAVID GRAFF, be and she hereby is authorized and

-4-

empowered to execute General Releases on behalf of her son, DAVID
GRAFF, and for herself, and any and all necessary papers in favor
of Defendants.

ORDERED THAT,                                    ENTER

(a) said funds shall be deposited in the account having the
most interest yield available, irrespective of whether it be a
savings account, a certificate of deposit or other form of time
deposit, and redeposits at maturity                           J.S.C.

(b) if all or part of said funds are deposited in savings
certificates or other form of time deposit, the date of maturity
of said deposit shall not extend beyond the date when the infant
attains the age of eighteen (18) years, and it is further.

ENTER

BEATRICE S. BURSTEIN

GRANTED

DEC 3 1984

LOWNELL

District Court of

Arizona hereby

understands + agrees

I have a legal conflict

of interest

-5-

STATE OF NEW YORK, COUNTY OF   NEW YORK                                          ss.:

The undersigned, an attorney admitted to practice in the courts of New York State,

[X] Certification   certifies that the within   Order of Infant's Compromise
By Attorney   has been compared by the undersigned with the original and found to be a true and complete copy.

[ ] Attorney's   shows: deponent is
Affirmation

the attorney(s) of record for

in the within action; deponent has read the foregoing
and knows the contents thereof; the same is
true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief,
and that as to those matters deponent believes it to be true. This verification is made by deponent and not by

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:   December 3, 1984

_____
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                          ss.:

HAROLD S. BRAUN, P.C.

being duly sworn, deposes and says: deponent is

[ ] Individual   the                                          in the within action; deponent has read
Verification   the foregoing                                          and knows the contents thereof; the same is true to
deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as
to those matters deponent believes it to be true.

[ ] Corporate   the                                   of
Verification   a                                   corporation,                                          in the within action; deponent has read the
foregoing                                          and knows the contents thereof; and the same
is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and
belief, and as to those matters deponent believes it to be true. This verification is made by deponent because
is a corporation and deponent is an officer thereof.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Sworn to before me on                                          19

_____
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                          ss.:

being duly sworn, deposes and says: deponent is not a party to the action,

is over 18 years of age and resides at                                          .

[ ] Affidavit   On                                          19                  deponent served the within
of Service   upon
By Mail   attorney(s) for                                          in this action, at
the address designated by said attorney(s) for that purpose
by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in — a post office — official
depository under the exclusive care and custody of the United States Postal Service within the State of New York.

[ ] Affidavit   On                                          19          at
of Personal   deponent served the within                                          upon
Service
the
herein, by delivering a true copy thereof to   h                  personally. Deponent knew the
person so served to be the person mentioned and described in said papers as the                                          therein.

Sworn to before me on                                          19

_____
The name signed must be printed beneath

# PRIORITY
## ★ MAIL ★

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

$ INSURANCE INCLUDED*

 PICKUP AVAILABLE

\* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**United States Postal Service®**
### SIGNATURE CONFIRMATION™

2307 2390 0000 2787 7072

EP14F July 2013
OD: 12.5 x 9.5

**RECEIVED**

NOV 2 2 2016

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FROM:

# PRIORITY
## ★ MAIL ★

 UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
MR. DAVID MARTIN GRAPP, MBA
4720 EAST ANGELA DRIVE
PHOENIX, AZ 85032-2118
(424) 281-0571

TO: Pro Se Litigation
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
SANDRA DAY O'CONNOR
UNITED STATES COURT HOUSE
401 WEST WASHINGTON ST
SUITE 130, PHOENIX, AZ 85003

**VISIT US AT USPS.COM**
ORDER FREE SUPPLIES ONLINE

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

 UNITED STATES POSTAL SERVICE®